**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PAUL H. SNIDER, individually and as Trustee of the PAUL H. SNIDER TRUST, dated February 19, 2009,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LITHIA REAL ESTATE, INC., an Oregon corporation; and DOES I through XX, inclusive,<br><br>　　　　Defendants. | 3:11-cv-00596-HDM-WGC<br><br>ORDER |

　　This action arises out of an alleged failure of a lessee, defendant Lithia Real Estate, Inc., to maintain at a certain standard property leased to it by plaintiff Paul Snider under the terms of the parties' lease agreement. On October 16, 1989, plaintiff leased property at 7175 S. Virginia Street, Reno, Nevada, to non-party Dick Donnelly Automotive Enterprises, Inc. through a

1

written lease agreement. Complaint ¶¶ 1, 5 (Docket #1). That lease was assigned to defendant Lithia through a "Second Amendment of Lease" on October 10, 1999. *Id.* ¶ 8. Thereafter, defendant leased the property from plaintiff from October 10, 1999 to October 16, 2009. *Id.* The lease required that "Lessee shall, at Lessee's sole cost and expense, maintain the premises and all improvements in good condition and repair ... In the event Lessee fails to [do] so ... Lessor may cause the same to be done at the expense of Lessee." *Id.* ¶ 9. On October 16, 2009, defendant vacated the property, allegedly "leaving it in a state of disrepair and with damage." *Id.* ¶ 10.

On July 19, 2011, plaintiff sued defendant for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment. *Id.* ¶¶ 11-27. On August 19, 2011, defendant filed a motion to dismiss plaintiff's third claim for relief for unjust enrichment, arguing that this claim fails as a matter of law because there is an express, written lease agreement that governs this action. Motion to Dismiss 1-2 (Docket #4, 5). Plaintiff failed to oppose the motion to dismiss in the time allowed.

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). A pleading generally need not contain detailed allegations. *Id.; Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, it must allege sufficient facts to raise a right to relief above the speculative level. *Id.* The complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements

of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  In considering a motion to dismiss the court must: (1) accept as true all factual allegations in the complaint and (2) consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id*.  The claims in a complaint must cross the line from conceivable to plausible in order to survive a motion to dismiss.  *Twombly*, 550 U.S. at 570.

Plaintiff's third claim for relief alleging unjust enrichment should be dismissed.  First, the "doctrine of unjust enrichment or recovery in quasi contract applies to situations where there is no legal contract[,] but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." 66 Am.Jur.2d Restitution § 11 (1973); *see Lipshie v. Tracy Investment Co.*, 93 Nev. 370, 379 (1977) ("To permit recovery by quasi-contract where a written agreement exists would constitute a subversion of contractual principles.").  An action based on a theory of unjust enrichment is not available when there is an express, written contract or agreement. *Leasepartners Corp. v. Robert L. Brooks Trust*, 113 Nev. 747, 756 (1997); *see also Brooks v. Valley Nat'l Bank*, 113 Ariz. 169, 174 (1976); 66 Am.Jur.2d Restitution § 6 (1973); *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1091 (9th Cir. 2003)("Unjust enrichment is an equitable rather than a legal claim; consequently, no action for unjust enrichment lies where a contract governs the parties' relationship to each other.").

An express, written lease agreement exists in this case. Plaintiff entered into a written lease with Dick Donnelly

3

1  Automotive Enterprises on October 16, 1989.  That lease was
2  assigned to defendant Lithia on October 10, 1999 via a "Second
3  Amendment of Lease."  Plaintiff relies on the terms and conditions
4  of the lease for his unjust enrichment claim, specifically alleging
5  that the lease "required the lessee to maintain the Premises"
6  according to a certain standard. Complaint ¶ 9.  Plaintiff cannot
7  assert a cause of action for unjust enrichment as a matter of law.
8       Second, the failure of an opposing party to file points and
9  authorities in response to a motion to dismiss "shall constitute
10 consent to the granting of the motion." LR 7-2(d)  Plaintiff failed
11 to respond to defendant's motion to dismiss within the time
12 allowed.  Responses were due September 5, 2011.  As September 5 was
13 a holiday, the response should have been filed by September 6.  As
14 of September 8, 2011, plaintiff had not filed a response with the
15 court.  Accordingly, plaintiff has consented to the court granting
16 defendant's motion and dismissing his unjust enrichment claim.
17      Defendant's motion to dismiss (Docket #4, 5) is GRANTED.
18 Plaintiff's third claim for relief for unjust enrichment is
19 DISMISSED.
20      **IT IS SO ORDERED.**
21      DATED: This 12th day of September, 2011.

*[signature: Howard D. McKibben]*
_____
UNITED STATES DISTRICT JUDGE

4